# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEE LEE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, <br><br> Defendant. | Case No.  1:16 -cv-00465-LJO-SAB <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFFS' MOTION TO REMAND <br><br> (ECF Nos. 4, 7, 8, 9) <br><br> OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Currently before the Court is Plaintiff's motion to remand this action to Merced County Superior Court.  The matter was referred to the undersigned for findings and recommendations pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.  (ECF No. 5.)

The Court, having reviewed the record, finds this matter suitable for decision without oral argument.  See Local Rule 230(g).  Accordingly, the previously scheduled hearing set on May 4, 2016, will be vacated and the parties will not be required to appear at that time.

## I.

## PROCEDURAL BACKGROUND

On or about January 22, 2015, Plaintiffs See Lee and Chay Vang's 2007 Mercedes E350 was allegedly stolen.  The vehicle was located in an aqueduct on January 27, 2015, and the damage to the vehicle rendered it a total loss.  Plaintiffs provided their insurance carrier, Defendant State Farm, with a notice of loss.  After an investigation, Defendant denied coverage in a letter dated August 19, 2015.

Plaintiffs filed this action alleging breach of contract and breach of the implied covenant

1

of good faith and fair dealing in Merced County Superior Court on March 1, 2016. Defendant removed the action to the Eastern District of California on April 1, 2016, on the basis of diversity jurisdiction. On April 5, 2016, Plaintiffs filed a motion to remand the action to state court. Defendants filed an opposition on April 20, 2016, and Plaintiffs filed a reply and objections on April 27, 2016.

## II.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and only possess that power authorized by the Constitution and statute. Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552 (2005). Congress has conferred the district courts with original jurisdiction in all civil cases that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Additionally, Congress has provided a neutral forum by granting the district court jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds a specified amount. Exxon Mobil Corp., 545 U.S. at 552.

"[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction may be removed by the defendant . . . to the district court of the United States for the district . . . where such action is pending." 28 U.S.C. § 1441(a). A notice of removal must be filed within thirty days of receiving the initial pleading setting forth the claim for relief, 28 U.S.C. § 1446(b).

In a diversity action, the removing defendant has the burden of establishing the amount in controversy by a preponderance of the evidence. Rodriguez v. AT & T Mobility Servs. LLC, 728 F.3d 975, 977 (9th Cir. 2013). Jurisdiction is analyzed based upon the pleadings filed at the time of removal without reference to any subsequent pleadings filed in the action. Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998).

"The removal statute is strictly construed against removal jurisdiction." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). If the district court determines that it lacks jurisdiction, the action should be remanded back to the state court. Martin v. Franklin Capital Corp., 546 U.S. 132, 134 (2005).

## III.

## ANALYSIS

Plaintiffs bring this motion to remand arguing that jurisdiction does not exist in this action because the amount in controversy does not exceed the jurisdictional amount of $75,000.00. Plaintiffs seek remand to state court and attorney fees and costs for bringing this motion. Defendant counters that it has met its burden of establishing that the amount in controversy exceeds $75,000.00. Plaintiff replies that Defendant has not presented sufficient evidence to defeat the presumption against removal jurisdiction and objects to Defendant's declaration in support of the amount in controversy.

The district court has diversity jurisdiction where the amount in controversy exceeds $75,000.00, exclusive of interest and costs and diversity of citizenship exists between all plaintiffs and all defendants. 28 U.S.C. § 1332. The parties do not dispute that diversity of citizenship exists in this action. Accordingly, this motion rests on whether Defendant has met its burden of demonstrating that the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

In this circuit, where the amount of damages is not specified in the complaint, it is the removing party's burden to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. Lewis v. Verizon Communications, Inc., 627 F.3d 395, 397 (9th Cir. 2010); Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006); Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007). The amount in controversy is merely an estimate of the total amount in dispute; and the Ninth Circuit expressly contemplates that the district court will consider some evidentiary record in determining the amount in controversy. Lewis, 627 F.3d at 400. In determining if the amount in controversy requirement is met, the court may consider evidence submitted in opposition to the motion to remand. Lenau v. Bank of Am., N.A., 131 F. Supp. 3d 1003, 1005 (E.D. Cal. 2015).

**A.     Amount in Controversy**

1.     Amount of Damages in Controversy

Plaintiffs are seeking general, special, economic and consequential damages; punitive damages; attorney fees and costs; and prejudgment interest. (Compl. at p. 9, ECF No. 1 at p. 13.)

3

The jurisdictional amount may be satisfied by claims for general and special damages, punitive damages, and attorney fees. Campbell v. Hartford Life Ins. Co., 825 F.Supp.2d 1005, 1008 (E.D. Cal. 2011). The Court shall consider whether the relief sought is sufficient to meet the jurisdictional requirement in this action.

### a. Policy Benefits

Plaintiffs argue that according to the Kelley Blue Book a 2007 Mercedes E350 with 50,000 miles would have a maximum value of $12,380.00 if it were in excellent condition. Defendant counters that it used the Mitchell Vehicle Valuation Report to arrive at the pre-loss fair market value of the vehicle which takes into account the vehicle's premium features, the condition of the vehicle, and the sale price of comparable vehicles in the same geographic area. Plaintiffs reply that the evidence submitted by Defendant is not sufficient to establish the value of the policy benefits claimed and object to the Mitchell Vehicle Valuation Report.

Plaintiffs object to the statement in counsel's declaration that State Farm performed a vehicle valuation report on Plaintiffs' vehicle and that the exhibit attached lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." Fed. R. Evid. 602.

Plaintiffs object that the report attached to the declaration lacks foundation because Mr. Ellingson has not submitted evidence establishing that he has personal knowledge of when or how the report was prepared and does not purport to have knowledge of facts to properly authenticate the report. (ECF No. 9.) However, Mr. Ellingson's declares that he has personal knowledge of the facts contained within. (Decl. of Stephen P. Ellingson ¶ 1, ECF No. 7-1.) Mr. Ellingson states that he is counsel of record for Defendant, is in possession of State Farm's claim file regarding the vehicle loss at issue here, and has reviewed the file. (Id. at ¶¶ 2, 3.) "State Farm performed a Mitchell Vehicle Valuation Report on plaintiffs' vehicle on or about February 2, 2015, which gave the vehicle a fair market value of $19,370.44." (Id.) A copy of the report is attached to the declaration. (Id. at 7-2.) This is sufficient for the Court to find that the report was contained within Plaintiffs' claim file.

Moreover, on a motion to remand a party may submit "summary-judgement type evidence relevant to the amount in controversy at the time of removal." Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). Plaintiff provides no authority "to equate the 'summary judgment-type evidence' discussed by courts in connection with motions to remand, with evidence actually admissible at trial (or at the summary judgment stage) pursuant to the Federal Rules of Evidence." Johnson v. Sunrise Senior Living Mgmt., Inc., No. CV1600443BRORAOX, 2016 WL 917888, at *4 (C.D. Cal. Mar. 8, 2016). Once a motion to remand is filed, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014). Accordingly, Plaintiff's objection is overruled.

Plaintiffs do not challenge the content of the Mitchell Vehicle Valuation Report or argue that it contains information which inaccurately represents the pre-loss value of their vehicle. For the purpose of this motion, the policy benefits shall be determined to be $19,370.44.

### b. Emotional Distress Damages

Plaintiffs contend that Defendant deliberately commenced a course of action designed to delay and improperly and unfairly deprive them of the benefits to which they are entitled under the insurance policy. (Compl. ¶ 9, ECF No. 1 at p. 12.) This included conducting an incomplete and biased investigation which was result oriented with the intent to wrongfully deny Plaintiffs of their benefits under the policy. (Compl. ¶ 10.) Plaintiffs allege that Defendant intentionally misrepresented the facts and circumstances of the claim, searched only for facts which would support denial of the claim, falsely accused Plaintiffs of making false statements, misconstrued Plaintiffs' recorded statements, and intentionally misconstrued Plaintiffs' conduct prior to the loss of the vehicle. (Compl. ¶¶ 16-23.)

In their claim for breach of the implied covenants, Plaintiffs allege that as a direct and proximate result of Defendant's actions they have suffered mental and emotional distress in excess of the jurisdiction minimums of the state court. (Compl. ¶ 36.) Based upon the allegations in the complaint, Plaintiffs are seeking emotional distress damages in excess of

$25,000.00.  Cal. Code Civ. P. §§ 85, 86, 88.  For the purpose of this motion, the emotional distress damages sought for breach of the implied covenants of good faith and fair dealing are $25,000.00.

Therefore, the Court determines that the amount of damages in controversy in this action is $44,370.44.  The Court shall consider whether the additional relief sought is sufficient to raise the amount in controversy to the jurisdictional requirement.

  **c. Punitive Damages**

Defendant argues that punitive damages should be considered in determining the amount in controversy in this action and sets forth a multiplier of one.  Plaintiffs respond that prior jury verdicts are inherently speculative and in an insurance bad faith action should not be used to determine the amount in controversy.

"It is well established that punitive damages are part of the amount in controversy in a civil action."  Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001).  Under California law punitive damages are available for breach of implied covenant claims.  Campbell, 825 F.Supp.2d at 1008.  "However, the mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met."  Burk v. Medical Savings Ins. Co., 348 F.Supp.2d 1063, 1069 (D. Ariz. 2004).  "Defendant must present evidence that punitive damages will more likely than not exceed the amount needed to increase the amount in controversy to $75,000."  Id.  Other courts have considered jury verdicts in analogous cases in determining whether punitive damages would push the amount in controversy over the jurisdictional limit.  See Campbell, 825 F.Supp.2d at 1008-1009; Burk, 348 F.Supp.2d at 1069; Simmons v. PCR Technology, 209 F.Supp.2d 1029, 1033 (N.D. Cal. 2002).

Defendant argues that verdicts in similar cases support their contention that the damages sought in this action would be above the jurisdictional amount.  Defendant submits jury verdicts with substantial awards in actions alleging denial of coverage by an automobile insurer.  These cases demonstrate the potential for large verdicts even when the contractual damages at issue are relatively small.  White v. GEICO Indemnity Co., No. BC471211 (March 18, 2014) (repair costs to vehicle were $3,500.00); Martinez v. Mercury Insurance Co., (June 16, 2014) (damage to

vehicle was $1,700.00 and policy limit for medical claims was $5,000.00); McCoy v. Progressive West Insurance Company, No. BC3311005 (March 29, 2007) (breach of contract damages of $17,175.00).

Defendant provides a verdict analysis for a factually similar action, McCoy v. Progressive West Insurance Company. (ECF No. 7-2 at 27-63.) In McCoy, the plaintiff's vehicle was reported stolen and recovered but had been burned and was of essentially no value. The plaintiff reported the theft to his insurance company who did not allow or deny the claim. Only after the plaintiff hired an attorney did the insurance company deny the claim. Plaintiff brought suit alleging breach of contract, breach of good faith and fair dealing, unfair business practices, and conversion/trespass to chattel. The defendant contended that after investigation, it was determined that the plaintiff's claim was fraudulent and the theft had been staged. On March 29, 2007, after a jury trial, the plaintiff was awarded $180,175.00 which included $17,175.00 for breach of contract, $63,000.00 for breach of the implied covenant of good faith and fair dealing, and punitive damages of $100,000.00.

In this instance, the damages sought for breach of contract are higher than the cases provided by Defendant. The cases presented also allege similar conduct in that the plaintiffs claimed that the insurance companies conducted a faulty or deliberately inadequate investigation and ultimately denied coverage based upon the investigation into the claim.

Plaintiff alleges that Defendant deliberately commenced a course of action designed to delay and improperly and unfairly deprive them of the benefits under the insurance policy. (Compl. ¶ 9, ECF No. 1 at p. 12.) Plaintiffs contend that Defendant conducted an incomplete and biased investigation which was result oriented with the intent to wrongfully deny Plaintiffs of their benefits under the policy; intentionally misrepresented the facts and circumstances of the claim; searched only for facts which would support denial of the claim; falsely accused Plaintiffs of making false statements; misconstrued Plaintiffs' recorded statements; and intentionally misconstrued Plaintiffs' conduct prior to the loss of the vehicle. (Compl. ¶¶ 10, 16-23.) These facts if proven to be true could support an award of punitive damages.

Based upon the similarity of the McCoy action and the allegations in this matter, the

Court finds that Defendant has presented sufficient evidence to determine that punitive damages at least equal to the amount of damages sought in this action are more probably than not at issue here.  Accordingly, the Court determines that the amount of punitive damages at issue here would be at least $44,370.44.

### d. Attorney Fees

Finally, Defendant argues that an award of attorney fees in this case would push the amount in controversy beyond the jurisdictional limit.  The parties dispute whether the Court should consider the amount of attorney fees which had been incurred as of the date of removal, or whether the Court should consider the amount of attorney fees which would be incurred in total through a potential trial in this matter.

Under California law, when an insurer tortuously withholds policy benefits, reasonable attorney fees incurred to compel payment of the benefits are recoverable.  Brandt v. Superior Court, 37 Cal.3d 813, 815 (1985).  The Brandt court held that "[w]hen an insurer's tortious conduct reasonably compels the insured to retain an attorney to obtain the benefits due under a policy, it follows that the insurer should be liable in a tort action for that expense."  Id. at 817.  Only the attorney fees attributable to efforts to recover benefits due under the insurance contract are recoverable.  Conrad Associates v. Hartford Acc. & Indem. Co., 994 F.Supp. 1196, 1199 (N.D. Cal. 1998).

Courts are split with respect to what amount of attorney fees are properly included within the amount in controversy.  See Reames v. AB Car Rental Services, Inc., 899 F.Supp.2d 1012, 1018-20 (D. Ore. 2012) (and cases cited therein); Burk, 348 F.Supp.2d at 1068-69 (and cases cited therein); Brady v. Mercedes-Benz USA, Inc., 243 F.Supp.2d 1004, 1010 (N.D. Cal. 2002) (and cases cited therein).  The Seventh Circuit has held that only fees incurred as of the date the complaint is filed should be considered in the amount in controversy because there is no controversy with respect to legal services which have not been and may never be incurred.  Gardynski-Leschuck v. Ford Motor Co., 142 F.3d 955, 958 (7th Cir. 1998).  Other courts have included fees incurred as of the date of removal are included in the amount in controversy.  Reames v. AB Car Rental Services, Inc., 899 F. Supp.2d 1012, 1020-21 (D. Ore. 2012); Faulkner

v. Astro-Med, Inc., No. C 99-2562 SI, 1999 WL 820198, at *4 (N.D. Cal. 1999); Conrad Associates v. Hartford Acc. & Indem. Co., 994 F.Supp.1196, 1200 (N.D. Cal. 1998). Still other courts have used a reasonable estimate of the fees likely to be recovered in calculating the amount in controversy. Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1340 (10th Cir. 1998); Brady v. Mercedes-Benz USA, Inc., 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002); Simmons, 209 F.Supp.2d at 1035. "While the Ninth Circuit Court of Appeals has not yet spoken on the issue, the Court notes that it appears that a nascent consensus may be merging among the district courts of this Circuit, finding that attorneys' fees not yet incurred may not be included in the amount in controversy calculation." MIC Philberts Investments v. American Cas. Co. of Reading, Pa., No. 1:12-cv-0131 AWI-BAM, 2012 WL 2118239, at *5 (E.D. Cal. Jun. 11, 2012).

The Court declines to decide how attorney fees should be factored into the amount in controversy analysis because the Court finds that Defendant has met its burden in establishing that the amount in controversy would be sufficient to meet the jurisdictional requirement based upon the amount of damages and punitive damages at issue in this matter.

### e. California Code of Civil Procedure § 998 Offer to Compromise

Plaintiffs argue that their section 998 offer to compromise of $65,000.00 is the best measure of the amount in controversy in this action. Defendant counters that Plaintiffs cannot rely on a settlement offer just below the jurisdictional limit to escape the impact of their pleadings.

"A settlement letter *may* provide a reasonable estimate of plaintiff's claim." Simmons, 209 F.Supp.2d at 1032 (emphasis in original). While a demand letter is relevant to the amount in controversy it is not determinative. Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir.2002).

In this instance, Plaintiffs provided an offer of compromise dated March 1, 2016, the date the complaint was filed in state court. (ECF No. 4-2.) The offer states that action would be settled for $65,000.00 with each party to bear its own costs and attorney fees.

While a reasonable settlement offer may provide an estimate of the amount at issue in this action, the offer here is just below the jurisdictional amount and Defendant has offered evidence to show that the amount in controversy is satisfied. Based upon the demands made in

the complaint and the evidence presented by Defendant in support of its opposition to the motion to remand, the Court finds that Defendant has met its burden of showing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.

### f.     Motion for Attorney Fees

Plaintiffs seek attorney fees for the instant motion. An order remanding the action may require payment of attorney fees. 28 U.S.C. § 1447(c). As the Court recommends that the motion to remand be denied, Plaintiffs are not entitled to attorney fees here. Therefore, the Court recommends that Plaintiffs request for attorney fees be denied.

## IV.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDS that Plaintiffs' motion to remand and request for attorney fees be DENIED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 3, 2016**

UNITED STATES MAGISTRATE JUDGE